**ADANTE POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com


Attorneys for Plaintiff
EMANUEL TRUJILLO


UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL TRUJILLO, an individual, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | (42 U.S.C § 1983) |
| | (Cal. Civ. Code § 52.1) |
| | (Cal. Penal Code § 242) |
| CITY OF SANTA CRUZ, a municipal corporation; and DOES 1-50, inclusive. | (Cal. Civ. Code § 3342) |
| Defendants. | JURY TRIAL DEMANDED |

## INTRODUCTION

1. This action arises out of a yet-to-be identified Santa Cruz Police Officer, who unlawfully directed a police dog to attack Plaintiff Emanuel Trujillo while Plaintiff was attempting to apprehend a man who was burglarizing his home. As a result of the yet-to-be identified Santa Cruz Police Officer's egregious act, the police dog viciously mauled Mr. Trujillo, who had neither committed, nor was suspected of having committed any crimes,

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208,
Oakland, CA 94607
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 1

1  causing Mr. Trujillo to suffer serious injuries and scarring to his hand and body.  Despite the
2  fact that Mr. Trujillo was bloody and injured, the involved officers did not attempt to take Mr.
3  Trujillo to the hospital for medical treatment.  Instead, the officers simply handcuffed him and
4  placed him in the back of a squad car until a police sergeant arrived, who promptly told the
5  officers on scene that Mr. Trujillo was not the suspect and ordered them to let him go.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The unlawful acts and practices alleged herein occurred in the City and County of Santa Cruz, California, which is within this judicial district.

## PARTIES

3. Plaintiff EMANUEL TRUJILLO (hereinafter "Plaintiff") is a competent adult of majority age.

4. Defendant CITY OF SANTA CRUZ (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Santa Cruz Police Department and its tactics, methods, practices, customs, and usage.  At all relevant times, Defendant City was the employer of Defendants and DOES 1-50, individually and as peace officers.

5. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 50, inclusive.  Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff.  Plaintiff is informed and believes, and thereon alleges that DOES 1 through 50, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208,
Oakland, CA 94607
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 2

that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.  Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 50, inclusive, when they have been ascertained.

6. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the City of Santa Cruz.

7. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

8. Due to the acts and/or omissions alleged herein, Defendants, and each of them, act as the agent, servant, and employee and/or concert with each of said other Defendants herein.

9. Plaintiff filed a timely government tort claim, and the City of Santa Cruz rejected the claim by operation of law.

**FACTUAL ALLEGATIONS**

10. On April 20, 2021, at around 7:30 p.m., Plaintiff Emanuel Trujillo had just finished dinner with his girlfriend and another friend as he received a call that his home was currently being burglarized.  Mr. Trujillo immediately headed to his home and pulled his vehicle into his driveway.

11. Shortly after, the suspect who was burglarizing Mr. Trujillo's home came outside.  Mr. Trujillo and his friend exited their vehicle and confronted the suspect.  The suspect proceeded to throw a botte at Mr. Trujillo and fled.  Mr. Trujillo pursued the suspect and the friend called 911.  Mr. Trujillo cornered the suspect at the end of a garage connected to an

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208,
Oakland, CA 94607
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 3

unknown condo.

12. City and/or County of Santa Cruz Officers quickly arrived at the location of Mr. Trujillo and the suspect and proceeded to apprehend the suspect. Meanwhile, while Mr. Trujillo was simply standing aside watching, a yet-to-be identified Santa Cruz police officer directed a K-9 on Mr. Trujillo.

13. The police K-9 viciously attacked Mr. Trujillo, biting his pinky and the bottom of his hand. Officers then ordered Mr. Trujillo to go down to the ground. Mr. Trujillo followed the officers' orders and was then handcuffed and placed in the back of a squad car.

14. The officers failed to make any reasonable efforts to identify the correct suspect or to bring Mr. Trujillo into custody without using excessive force. Instead, the officers recklessly released the police K-9 within mere seconds of approaching Mr. Trujillo, and without using any de-escalation techniques.

15. A yet-to-be identified police sergeant arrived at the scene and informed the other officers that Mr. Trujillo was not the suspect and instructed the officers to uncuff Mr. Trujillo and let him go. At this point, Mr. Trujillo finally received medical attention for the wounds on his hand.

## DAMAGES

16. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

17. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208,
Oakland, CA 94607
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 4

1988.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**

*(PLAINTIFF against Defendants DOES 1-50)*

18.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

19.     When Defendant Officers seized Plaintiff, they had no reasonable suspicion or probable cause to justify the detention, nor did they have probable cause to make an arrest.  In addition, the officers issued no verbal warning to Plaintiff before using force.  Defendant officers simply set a police dog on Plaintiff without any warning, and allowed the dog to viciously maul Plaintiff, violating Plaintiff's right to be free from unreasonable and excessive force as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

20.     As a result of their misconduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the excessive force or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION

**(Fourth Amendment – Unlawful Detention/Arrest under 42 U.S.C. Section 1983)**

*(PLAINTIFF against Defendants DOES 1-50)*

21.     Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

22.     When Defendant Officers seized Plaintiff, they had no reasonable suspicion or probable cause to justify the detention, nor did they have probable cause to make an arrest.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208,
Oakland, CA 94607
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 5

Defendant Officers simply set a police dog on Plaintiff without any warning, and allowed the dog to viciously maul Plaintiff, violating Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution.

23.   As a result of their misconduct, Defendant officers are liable for Plaintiff's injuries and imprisonment, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Violation of CALIFORNIA CIVIL CODE § 52.1 "The Bane Act")

*(PLAINTIFF against Defendants City of SANTA CRUZ and DOES 1-50)*

24.   Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

25.   Plaintiff brings this "Bane Act" claim individually for direct violation of his own rights.

26.   By their conduct described herein, Defendants and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a.   Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

   b.   Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208,
Oakland, CA 94607
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 6

Constitution and by Article 1, § 13 of the California Constitution.

27. Excessive force which violates the Fourth Amendment, also violates the Bane Act. Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

28. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none was accidental or merely negligent.

29. Alternatively, Defendants violated Plaintiff's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

   a. Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;
   b. Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;
   c. Defendant striking and/or physically accosting Plaintiff in the absence of any threat or need for such force;
   d. Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);
   e. Using excessive, unreasonable and unjustified force against Plaintiff while he attempted to comply with the officers;
   f. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;
   g. Violating multiple rights of Plaintiff;

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208,
Oakland, CA 94607
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 7

h.  Arresting Plaintiff for no reason.

30. Defendant CITY OF SANTA CRUZ is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

31. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

## FOURTH CAUSE OF ACTION

**(Assault and Battery – Violation of CALIFORNIA PENAL CODE § 242)**

*(PLAINTIFF against Defendants City of SANTA CRUZ and DOES 1-50)*

32. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

33. Defendants, while working as employees for the Defendant CITY OF SANTA CRUZ Police Department, and acting within the course and scope of their duties, intentionally struck and/or injured Plaintiff when they sent a police dog to maul Plaintiff without a lawful basis.

34. As a result of the actions of the Defendants, Plaintiff suffered severe physical and emotional injuries.  Defendants and Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out their duties was an unreasonable use of force and thus constituted assault and battery.

35. Defendant CITY OF SANTA CRUZ is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208,
Oakland, CA 94607
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 8

36. As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Negligence)

*(PLAINTIFF against Defendants City of SANTA CRUZ and DOES 1-50)*

37. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint except any reference to intentional conduct.

38. At all times, Defendants and Does owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

39. At all times, Defendants and Does owed Plaintiff the duty to act with reasonable care.

40. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

   a. to refrain from using excessive and/or unreasonable force against Plaintiff;
   b. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;
   c. to refrain from abusing their authority granted them by law;
   d. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

41. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

42. Defendant CITY OF SANTA CRUZ is vicariously liable for the wrongful acts

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208,
Oakland, CA 94607
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 9

and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

43. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (False Imprisonment/Illegal Detention)

*(PLAINTIFF against Defendants City of SANTA CRUZ and DOES 1-50)*

44. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

45. Defendants and DOES 1-50 detained and assaulted Plaintiff without just cause and under false pretenses. Defendants restrained, detained, and/or confined Plaintiff without his consent or a lawful basis for a significant period of time.

46. As a result of the Defendants and Does 1-50 unlawful confinement, Plaintiff suffered emotional distress and physical injuries.

47. Defendant CITY OF SANTA CRUZ is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (STRICT LIABILITY for a Police Dog Attacking an Unintended Victim)

*(PLAINTIFF against Defendants City of SANTA CRUZ and DOES 1-50)*

48. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208,
Oakland, CA 94607
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 10

49. the present action is brought pursuant to Cal. Civ. Code § 3342 of the California Government Code. Pursuant to § 3342 (c) of the California Government Code, a government agency is liable when a police dog bites a victim that was not a party to, nor a participant in, nor suspected to be a party to or a participant in, the act or acts that prompted the use of the dog in the police work. Plaintiff contends that Plaintiff was a victim of Santa Cruz police dog bites in this incident but were not party to, participant in, or suspected of being involved in the act(s) that prompted use of the police dog. Plaintiffs further contend that the Santa Cruz police sergeant admitted that Plaintiff was not party to, participant in, or suspected of being involved in the act(s) that prompted use of the police dog.

50. Additionally and alternatively, present action is brought pursuant to Cal. Civ. Code § 3342 of the California Government Code. Pursuant to § 3342(d) of the California Government Code, a government agency is liable when the governmental agency using a police dog has not adopted a written policy on the necessary and appropriate use of a dog for the police.

51. Plaintiff contends Santa Cruz Police Department has not adopted a written policy on the necessary and appropriate use of a dog as evidenced by the fact that the police officers are releasing dogs within the clear vicinity of innocent citizens.

52. Therefore, the City of Santa Cruz and its officers are held strictly liable for having their police dog attack, bite, and injure unintended victims, Plaintiff; and, based on the officer's decision to set the police dog nearby innocent citizens, the City of Santa Cruz and its officers are held strictly liable for failure to have in place written policy on the necessary and appropriate use of a police dog.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

53. Plaintiff hereby demands a jury trial in this action.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208,
Oakland, CA 94607
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 11

**PRAYER**

Wherefore, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages, including but not limited to past, present, and/or future wage loss, income and support, medical expenses, and other special damages in a sum to be determined according by proof;
3. For punitive damages against DOES 1-50 in a sum according to proof;
4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law against Defendant City and its employees;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

Date: August 20, 2021                               Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
ADANTE D. POINTER
COUNSEL FOR PLAINTIFFS
Attorneys for Plaintiffs

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208,
Oakland, CA 94607
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 12